IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL CLIFTON FOLKS, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 09-CV-786-GKF-TLW |
| | ) |
| MIKE MULLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate appearing *pro se*. Before the Court is Petitioner's petition for habeas corpus relief (Dkt. # 1). Respondent filed a response (Dkt. # 5), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. ## 5, 6, 7). Petitioner filed a reply (Dkt. # 8). For the reasons discussed below, the petition shall be denied.

*BACKGROUND*

On November 15, 2006, Petitioner was charged by Information in Tulsa County District Court Case No. CF-2006-5452, with sexually abusing a minor.[1] The charge stemmed from incidents which occurred between July 1, 2003, and October 31, 2006, involving D.R.,[2] the five-year-old daughter of Petitioner's girlfriend, Frieda Walls. At the time of the crime, Petitioner lived with Ms. Walls. Although Petitioner was the biological father of two of Ms. Walls' children, six year old J.F.

---

[1] Co-defendant, Frieda Walls, was charged with permitting sexual abuse of a minor child. The charge against Ms. Walls was later dismissed by the State of Oklahoma.

[2] Pursuant to Rule 5.2(a)(3), Federal Rules of Civil Procedure, the Court shall refer to any minor using his or her initials.

and three year old S.F., III, Petitioner was not the biological father of D.R. Petitioner was tried by a jury and found guilty. On November 26, 2007, the trial judge sentenced Petitioner to eight (8) years imprisonment, in accordance with the jury's recommendation. At trial, Petitioner was represented by attorney James Linger.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Thomas Purcell, he raised eight (8) propositions of error, as follows:

| | |
|---|---|
| Proposition I: | The admission of a DVD showing [D.R.] being interviewed by a social worker was error which prejudiced the jury against Mr. Folks on the issues of both guilt and punishment. |
| Proposition II: | The trial court violated Mr. Folks' statutory and constitutional right to present his defense when the trial court ruled that Mr. Folks could not testify that he had agreed to take a polygraph test. |
| Proposition III: | The trial court's failure to answer the jury's question regarding the nature of the offense being tried generated an unacceptable risk that some, and perhaps all, of the jurors convicted Appellant in the absence of a finding that Appellant committed the offense charged. |
| Proposition IV: | Collateral estoppel barred Mr. Folks' conviction for sexual abuse, therefore his conviction should be reversed with instructions to dismiss; in the alternative Mr. Folks' conviction should be reversed because he received ineffective assistance of counsel when trial counsel failed to raise this issue at trial. |
| Proposition V: | The prosecutor's impeachment of defense witness Frieda Walls with the fact that she had pled guilty, even though the plea did not result in a conviction, was error which requires that Mr. Folks' conviction be reversed. |
| Proposition VI: | Mr. Folks' right to cross-examine the witnesses against him was violated when the trial court restricted his right to cross-examine a key prosecution witness. |
| Proposition VII: | Mr. Folks was deprived of a fair trial when the prosecution subjected [D.R.] to "court school." |

>    Proposition VIII:   Mr. Folks was deprived of a fair trial when the majority of the evidence against him was in the form of hearsay.

See Dkt. # 5, Ex. 1. In a published summary opinion filed December 19, 2008, in Case No. F-2007-1204 (Dkt. # 5, Ex. 3), the OCCA affirmed the Judgment and Sentence of the trial court. See also Folks v. State of Oklahoma, 207 P.3d 379 (Okla. Crim. App. 2008). Petitioner did not file a petition for writ of certiorari at the United States Supreme Court, nor did he seek post-conviction relief in the state courts.

Petitioner filed the instant habeas corpus petition on December 15, 2009 (Dkt. # 1). His eight (8) grounds for relief correspond to the eight (8) propositions raised on direct appeal. In response, Respondent asserts that Petitioner's claims are not cognizable in this habeas proceeding because they are based on state law violations. See Dkt. # 5. Alternatively, Respondent contends that the claims do not justify habeas relief under 28 U.S.C. § 2254(d). See id.

## ANALYSIS

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his convictions and sentences to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 18, Ex. 3. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

**1.      Errors in evidentiary rulings not cognizable (grounds 1, 2, 5, 6, and 8)**

In ground one, Petitioner complains that the admission of a DVD showing D.R. being interviewed by a social worker was error. He claims this evidence prejudiced the jury. In ground two, he argues that he was denied his constitutional right to present a defense when the trial court

4

ruled he could not testify that he had agreed to take a polygraph test. In ground five, he contends that his conviction should be reversed due to the trial court's error in allowing the prosecution to impeach Frieda Walls with the fact that she had plead guilty, even though the plea did not result in a conviction. Petitioner's sixth ground focuses on his allegation that he was denied his right to cross-examine prosecution witness Coletha Medlock regarding her mental health history. In ground eight, Petitioner complains that the majority of the evidence against him should not have been admitted because it was hearsay. Relying on the Oklahoma Evidence Code, other Oklahoma statutes, and case law, the OCCA rejected each of these claims on direct appeal. Dkt. # 5, Ex. 3. Respondent contends that the claims raise no federal constitutional issue and are not cognizable in this habeas corpus proceeding. The Court agrees.

A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68; 28 U.S.C. § 2241.

In each of grounds one, two, five, six, and eight, Petitioner challenges the state court's evidentiary rulings. Because the claims allege errors of state law, they are not cognizable in this federal habeas corpus proceeding. McGuire, 502 U.S. at 67-68. However, to the extent the claims may implicate Petitioner's constitutional rights, Petitioner must demonstrate that his trial was rendered fundamentally unfair by the omission or admission of the challenged evidence. See Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (holding that habeas corpus relief cannot be granted on the basis of state court

evidentiary rulings "unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." (quoting Mayes v. Gibson, 210 F.3d 1284, 1293 (10th Cir. 2000))). Petitioner may obtain habeas relief for an improper state evidentiary ruling only "if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002) (alteration in original; quotation marks and citation omitted). The category of infractions which violate fundamental fairness is very narrow, and Petitioner's claims fall outside that category. See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002). The Court finds that Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the omission or admission of the challenged evidence.

Because Petitioner's grounds one, two, five, six and eight are not cognizable in this federal habeas corpus proceeding, and Petitioner has not shown that his trial was rendered fundamentally unfair, habeas corpus relief shall be denied on those claims.

### 2.  Trial court's answer to jury question (ground 3)

In ground three, Petitioner alleges that the trial court's answer to one of the jury questions was improper. Specifically, Petitioner states that during its deliberations, the jury asked: "Are we only trying to prove instruction # 1. Did the defendant touch the victim's vagina with his penis?" See Dkt. # 7-1 at 1. The trial judge answered that the jury had "all the law and evidence necessary to reach a verdict." Id. On direct appeal, Petitioner alleged that by failing to answer "yes," as requested by defense counsel, the trial judge allowed the jury to be confused as to the offense being tried. See Dkt. # 5-1 at 26-29. Citing Oklahoma case law, the OCCA denied relief on this claim

because the trial court's response "appropriately directed the jury back to its written instructions." See Dkt. # 5, Ex. 3 at 8.

The Tenth Circuit has held that a challenge to the trial court's response to a jury question during their deliberations involves alleged violations of state law, and is not cognizable on federal habeas review. Garrison v. Saffle, 5 Fed. Appx. 823, 825 (10th Cir. 2001) (unpublished).[3] Thus, Petitioner must demonstrate that his trial was rendered "so unduly prejudicial as to render the proceedings against [him] fundamentally unfair" by the alleged error in the trial judge's response. Duckett, 306 F.3d at 999-1000. Petitioner has failed to meet this burden and is not entitled to relief on his ground three claim.

### 3. Collateral estoppel (ground 4)

Petitioner argues in his fourth ground for relief that the doctrine of collateral estoppel bars his conviction. See Dkt. # 1. Specifically, he claims that the State of Oklahoma sought, unsuccessfully, to terminate his parental rights in a proceeding brought under Okla. Stat. tit. 10, § 7001-1.1 *et seq.* He argues that, because the same issue of sexual abuse of D.R. was first litigated in the termination proceeding, the State was barred from relitigating the sexual abuse claim in the criminal proceeding. Id. He also claims that his trial counsel was ineffective for failing to raise the issue of collateral estoppel at trial. Id. The OCCA rejected these claims on direct appeal, finding as follows:

> In Proposition IV, we find the record does not support Appellant's claim that the State was collaterally estopped from prosecuting him. *See Smith v. State*, 2002 OK CR 2, ¶¶ 7-9, 46 P.3d 136, 137-138. It is not clear from the record before us whether Appellant's parental rights were the subject of the prior criminal proceeding, or if the jury necessarily acquitted him of the same allegations contained in the

---

[3] This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

> felony information. Further, we find trial counsel was not ineffective for failing to raise the issue at trial as any such objection to the prosecution would have been overruled. *See Phillips v. State*, 1999 OK CR 38, ¶ 119, 989 P.2d 1017, 1047.
>
> Filed contemporaneously with the appellate brief is a *Motion to Supplement the Record and/or Application for Evidentiary Hearing on Sixth Amendment Claims* on the grounds that counsel failed to object to the criminal prosecution on the basis of collateral estoppel. Having reviewed the application and the supporting affidavit from Appellant, we find Appellant has not shown by clear and convincing evidence a strong possibility that defense counsel was ineffective for failing to raise the objection. Accordingly, we decline to grant Appellant's application for an evidentiary hearing.

(Dkt. # 5, Ex. 3 at 8-9). In response to the petition, see Dkt. # 5, Respondent alleges that Petitioner is not entitled to habeas relief because the OCCA's rejection of Petitioner's ground four claims "comports with both federal and Oklahoma law" regarding the legal concept of collateral estoppel.

The OCCA adjudicated Petitioner's claims on the merits. After careful review of the record in this case, the Court finds that Petitioner has failed to demonstrate that the decision of the OCCA was contrary to clearly established federal law as set forth by the Supreme Court, or that there was an unreasonable application of Supreme Court law to the facts of this case. In affirming Petitioner's conviction on direct appeal, the OCCA cited Smith v. State, 46 P.3d 136, 137-138 (Okla. Crim. App. 2002) (citing Ashe v. Swenson, 397 U.S. 436 (1970), to support collateral estoppel analysis). In Ashe, the "Supreme Court established that the Fifth Amendment guarantee against double jeopardy, applicable to the states through the Fourteenth Amendment, embodies collateral estoppel as a constitutional requirement." Buck v. Maschner, 878 F.2d 344, 345 (10th Cir. 1989). Collateral estoppel, as defined by in Ashe, "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe, 397 U.S. at 443. The Ashe Court further explained that:

> [T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a Court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." The inquiry "must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings."

Id. at 444 (citations omitted). In addition, "[t]o apply collateral estoppel, the following elements must be established: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." Smith v. Dinwiddie, 510 F.3d 1180, 1188 (10th Cir. 2007) (citing Harrison v. Eddy Potash, Inc., 248 F.3d 1014, 1022 (10th Cir. 2001)).

In Petitioner's case, the OCCA could not find that Petitioner satisfied the four-part test because the record did not clearly show that Petitioner's parental rights were the subject of the prior civil proceeding, or that the jury acquitted him of the same allegations contained in the felony information. See Dkt. # 5, Ex. 3 at 8. However, this Court finds that it was not necessary for the OCCA to apply the Ashe collateral estoppel doctrine because the deprived-child proceedings against Petitioner were civil in nature. See Smith, 510 F.3d at 1188. In Smith, a case with facts similar to Petitioner's, the Tenth Circuit carefully examined the relevant portions of the Oklahoma Children's Code found at Okla. Stat. tit. 10, § 7001-1.1, *et seq.*, and concluded that the "Oklahoma legislature has expressed a plain preference for considering deprived child/termination cases as civil." Smith, 510 F.3d at 1189. As in Smith, Petitioner's deprived child proceedings were not criminal in nature.

9

As a result, the Double Jeopardy Clause is not triggered and reliance on a collateral estoppel argument is without merit. Id. Petitioner has failed to establish that the OCCA's decision to uphold Petitioner's criminal conviction was contrary to, or an unreasonable application of, clearly established Supreme Court law. He is not entitled to habeas corpus relief on this portion of his ground four claim.

Petitioner also argues he is entitled to habeas corpus relief because his trial counsel was constitutionally ineffective for failing to raise a collateral estoppel challenge at trial. As cited above, the OCCA denied this claim on direct appeal. Petitioner is not entitled to habeas corpus relief unless he demonstrates that the OCCA's adjudication on direct appeal was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, to establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Id. at 687. In this case, counsel did not perform deficiently in failing to raise a collateral estoppel challenge because the doctrine of collateral estoppel is inapplicable in Petitioner's case. Counsel did not perform deficiently under Strickland. Therefore, Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel. 28 U.S.C. § 2254(d).

### 4. D.R.'s attendance at "court school" (ground 7)

In his final ground for relief, Petitioner contends that he was denied a fair trial because the prosecutor and social worker had subjected D.R. to "court school" and coached her regarding her testimony. See Dkt. # 1. He argues that D.R. was told what to say, was graded on what she said, and was given hugs by the people conducting the "school" sessions. Id. Further, Petitioner alleges that D.R.'s contradictory statements support his contention that her testimony was unreliable and that

she was an incompetent witness. Id. The OCCA rejected these arguments on direct appeal, finding as follows:

> In Proposition VII, we find no plain error in admitting D.R.'s testimony after her attendance at what is referred to in the record as "court school." The record clearly supports the trial court's determination that D.R. was a competent witness. *See* 12 O.S. 2001, §§ 2601 and 2603. D.R. sufficiently distinguished truth from fiction, took an oath, and demonstrated that she had personal knowledge of the crime. *See Gilson v. State*, 2000 OK CR 14, ¶ 60, 8 P.3d 883, 906-07. The record does not support Appellant's argument that during "court school" D.R. was "coached" on what to say. Any conflict or inconsistency in D.R.'s testimony was for the jury to assess in determining her credibility and the weight to give her to [sic] testimony, not her competency to testify. *Id.*

(Dkt. # 5, Ex. 3 at 10).

The Court finds that the record supports the OCCA's ruling. Under Oklahoma law, all persons are presumed competent to testify. See Okla. Stat. tit. 12, § 2601. Further, a child is a competent witness under Okla. Stat. tit. 12, § 2603, if she can distinguish truth from fiction, has taken an oath, and demonstrated that she has personal knowledge of the crime. See Hawkins v. State, 891 P.2d 586, 594 (Okla. Crim. App. 1994). During the trial, D.R. took an oath, testified and was subjected to extensive cross-examination by defense counsel regarding her personal knowledge of the facts and circumstances, whether she knew the difference between the truth and a lie, and variations in her testimony and previous statements. See Dkt. # 7-5, Tr. Trans. Vol. III at 471-512.

In addition, the OCCA's findings were based on factual determinations and matters of state evidentiary law. Petitioner has not met his burden of "rebutting the presumption of correctness" of the factual findings "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Nor has he demonstrated that the testimony of D.R. rendered his trial fundamentally unfair. Donnelly, 416 U.S. at 642. He has not shown how any "coaching" of D.R. during "court school" resulted in an unfair

trial. Accordingly, Petitioner's request for habeas corpus relief on his seventh ground of error is denied.

**C.  Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment in favor of Respondent shall be entered in this matter. A certificate of appealability is **denied**.

**DATED** this 15th day of January, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT